**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| JOHN MEGGS, an Individual, and ) <br> ACCESS 4 ALL, INC., a Florida Non-Profit Corporation, ) <br> ) <br> Plaintiffs ) <br> ) Civil Action No. 21-cv-02015-MEH <br> v. ) <br> ) <br> HZ OPS HOLDINGS, INC. ) <br> ) <br> Defendant. ) | |

## DEFENDANT'S MOTION TO RESTRICT

Defendant, HZ OPS HOLDINGS, INC., by and through its attorney, Johnson & Bell, Ltd., respectfully requests that this Honorable Court enter an order granting Defendant's Motion to Restrict. In support, Defendant states as follows:

1. Defendant currently has pending before this Court its Motion to Stay proceedings to allow it to adhere to a binding confidential settlement agreement (the "Block Settlement"). *See* Defendant's Motion to Stay Proceedings, incorrectly titled Defendant's "Motion to Dismiss or Stay Proceedings" attached as **Exhibit A**.

2. In this instant suit, Plaintiffs allege that a property owned and operated by Defendant (the "Subject Property") contains accessibility deficiencies in violation of the Americans with Disabilities Act ("ADA") and the Colorado Anti-Discrimination Act ("CADA"). For their requested relief, Plaintiffs seek an order requiring Defendant to cure the alleged deficiencies, among other things.

3. The confidential Block Settlement resolved a class action lawsuit – *Christopher Block v. HZ Ops Holdings, Inc., et al.*, No. 1:19-cv-06461 (N.D. Ill. Dec. 10, 2019) – in which the

Plaintiff, Christopher Block, alleged accessibility deficiencies related to all of Defendant's properties, including the Subject Property. With terms premised on ADA compliance, the Block Settlement contractually obligates Defendant to address the ADA violations contained in all Defendant's properties, including the Subject Property. Consequently, adherence to the Block Settlement will moot Plaintiffs' claims in this instant suit.

4. Due to the confidential nature of the Block Settlement, Defendant requests that this Court apply level 1 restrictions to the Block Settlement. Level 1 restriction will allow the Court and the parties to determine the merits of the motion to stay, while also respecting the confidentiality of the Block Settlement. If access were not restricted, the resources of the parties and this Court may be wasted in determining the merits of this case and the motion to stay without reference to the Block Agreement, or Defendant could be in breach of the Block Settlement's Confidentiality Clause. Any alternative to restriction is impractical because a thorough reading of the Block Settlement is necessary to confirm that Plaintiffs' demand for relief will be satisfied by compliance with the Block Settlement.

WHEREFORE, for the reasons stated above, Defendant HZ OPS Holdings, Inc., respectfully requests that this Court grant its Motion to Restrict, applying level 1 restriction to the Block Settlement, and for any other relief that this Court deems just and proper.

Respectfully submitted,

s/ *Garrett L. Boehm, Jr.*

William G. Beatty
Garrett L. Boehm, Jr.
Johnson & Bell, Ltd.
33 West Monroe Street, Suite 2700
Chicago, IL 60603

Telephone: (312) 372-0770  
Fax: (312) 372-9818  
beattyw@jbltd.com  
boehmg@jbltd.com  
Attorneys for Defendant HZ Ops Holdings, Inc.

## CERTIFICATE OF SERVICE

    I hereby certify that on this 28th day of September 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Jon G. Shadinger, Jr.
Shadinger Law, LLC
717 E. Elmer Street
Vineland, NJ 08360

js@shadingerlaw.com

                                                               /s/ Garrett L. Boehm, Jr.